IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ERIN GRACE, on behalf of themselves and all other plaintiffs similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 1:17-cv-7849 |
| GREENBRIAR RESTAURANT, INC. d/b/a Brickstone Brewery, and BETTY BASILAKIS | ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

NOW COME Plaintiff Erin Grace on behalf of herself and all other plaintiff similarly situated, by and through her attorneys, and for her Class Action Complaint against Greenbriar Restaurant, Inc. d/b/a Brickstone Brewery ("Brickstone") and Betty Basilakis ("Basilakis") (collectively "Defendants") states as follows:

### Parties

1. Plaintiff is a citizen of Illinois and was employed as a server for Brickstone.

2. Defendant Greenbriar Restaurant, Inc. is an Illinois corporation owning and operating Brickstone Brewery located in Bourbonnais, Illinois.

3. Betty Vasilakis is the owner and manager of Greenbriar Restaurant, Inc. and oversaw the illegal practices described herein.

### Jurisdiction and Venue

4. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

5.   Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

6.   Plaintiff worked for Defendants for three years, ending in December 2016. At all times relevant hereto, the Defendants were the Plaintiff's "employer" as that term is defined in each of the wage claims at issue in this case.

**Time Shaving**

7.   Erin and similarly situated employees were not paid for all hours worked, as such, they were paid less than their applicable minimum wages.

8.   Erin and similarly situated employees' pay was calculated by multiplying the applicable minimum wage times the number of hours and minutes worked. However, the minutes worked are not converted to decimal. For instance, for the period ending 9/11/2016, Erin worked 66 hours and 13 minutes. Her paystub for that period shows that she worked 66.13. A true and correct copy of Erin Grace's (then named "Koziol") paystub for period ending 9/11/2016 is attached as Exhibit 1.

9.   The above practice does not reflect the actual amount of time worked by Erin. During this period, she worked 66.21 hours, as is shown on her Time Keeping Record. A true and correct copy of Erin Grace's Timekeeping Record (hereinafter "Time Slip") is attached as Exhibit 2.

10.  The above practice results in Erin and similarly situated employees being paid at a rate less than minimum wage. For example, using Exhibits 1 and 2. Erin was paid $327.34 for the period of 9/11/2016. She worked 66.21 hours during this period. Thus, Erin was paid $4.94 per hour. For another example, for the period of 11/6/16; Erin was paid $209.68 (true and accurate

copy of paystub attached as Exhibit 3); she worked 42.60 hours during this period (true and accurate copy of time slip attached as Exhibit 4); and, thus, was paid $4.92 per hour during that period.

11. Erin Grace asked owner Betty Vasilakis about the discrepancy in pay and was told something to the effect that "it was fine".

**Deductions**

12. The Defendants deducts the cost of clothing, which the Plaintiff and other similarly situated employees are required to wear, from their pay.

13. At times other times, Defendants required Plaintiff and other similarly situated employees to pay cash for clothing they are required to wear.

14. The Plaintiff and other similarly situated employees have not authorized in writing at the time of the deduction the subtraction of money from their pay for clothing.

**Off The Clock Work**

15. Plaintiff and other similarly situated servers were required to perform work off the clock (i.e., when they were not being paid).

16. Betty Vasilakis would tell Erin and other similarly situated employees to clock out and continue working when cleaning or performing side work.

17. This would often require an additional significant amount of time to be worked for free that was not compensated.

**COLLECTIVE and CLASS ACTION ALLEGATIONS**

18. Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C. §216(b) on behalf of all servers who worked uncredited hours and as a class action pursuant to FRCP 23 on behalf of all employees subject to improper time calculations and uniform deductions, and who were paid less than the applicable minimum wage because of improper calculations.

19. Plaintiff and other similarly situated current and former employees in the asserted classes regularly were not paid for all hours actually worked.

20. At all times material to this Complaint, Defendants failed to comply with the FLSA and IMWL in that Plaintiff and those similarly situated performed services for Defendants for which no provision was made by Defendants to pay Plaintiff and similarly situated persons the correct amount of time and rate of pay.

21. Defendants have encouraged, permitted, and required Plaintiffs to work without properly paying them for all hours worked.

22. There are other current and former employees within the asserted class during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a collective action and a class action are superior procedures for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

23. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class and collective, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

24. Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class/collective actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the collective

**COUNT I - FAIR LABOR STANDARDS ACT**
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)

25. The Plaintiff re-alleges and incorporates by reference paragraphs 1-24.

26. At all relevant times, Defendants employed and/or continued to employ Plaintiff and each member of the proposed class of hourly server employees within the meaning of the FLSA.

27. Defendants failed to compensate Plaintiff and similarly situated servers the applicable minimum wage for all hours worked. This resulted in servers not receiving compensation and minimum wage for all hours they worked.

WHEREFORE, the Plaintiff request the following relief, individually and on behalf of similarly situated employees:

    A. Compensation in the amount of the owed minimum wages for all time worked by Plaintiff;

    B. An additional amount equal as liquidated damages;

    C. Prejudgment interest;

    D. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    E. Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)

28. Plaintiff hereby alleges and incorporates Paragraph 1 through 27 of this Complaint, as is fully set forth herein.

29. This count arises from Defendants' willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiff and the class of employees that she represents all their earned minimum wages. Plaintiff and the class are current and former server employees of Defendants who are due, and who have not been paid, minimum wages under the

provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* Plaintiff brings this Count as a class action under Rule 23. Fed. R. Civ. P. 23.

30. Defendants violated the IMWL by failing to compensate Plaintiff and member of the proposed class for all hours worked and, thus, failed to pay wages consistent with the minimum wage provisions.

31. Plaintiff and similarly situated employees have been damaged in that they have not received minimum wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief:

A. Certification of a class of similarly situated Plaintiff defined as all current and former hourly employees of Defendants in the State of Illinois who were paid below the applicable minimum wage. The relevant time period is for work performed the three (3) years preceding this lawsuit to the day of trial.

B. A declaratory judgment that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and the Class;

C. A declaratory judgment that Defendants' violations of the IMWL were willful;

D. A judgment to Plaintiff and the Class in the amount of unpaid wages;

E. A judgment to the Plaintiff and the Class of punitive damages as provided by IMWL;

F. A judgment to Plaintiff and those similarly situated of reasonable attorneys' fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to Fed. R. Civ. Pro. 23)

32. Plaintiff hereby alleges and incorporates Paragraphs 1 through 31 of this Complaint, as is fully set forth herein.

33. This count arises from Defendants' violation of the IWPCA, 820 ILCS 115. 820 ILCS §115/4 provides in part that"[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

34. 820 ILCS 115/9 provides as follows:

> Except as hereinafter provided, **deductions by employers from wages or final compensation are prohibited** unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) [made by certain governmental entities]. (emphasis added)

35. By making deductions referenced herein for uniforms Defendants failed to pay Plaintiff and members of the Class wages earned.

36. The foregoing actions of Defendants constitute violations of Illinois Wage Payment and Collection Act, 820 ILCS § 115/3 et seq. Defendants' actions were willful and not in good faith.

37. Defendants are liable to Plaintiff and the Class for actual damages, equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115 et seq. and the Illinois Code of Civil Procedure 735 ILCS §5/2-801 and §5/2-802.

38. Plaintiff and other similarly situated never consented in writing to deductions for uniforms.

WHEREFORE, Plaintiff request the following relief, individually and on behalf of similarly situated employees:

A. Certification of a class of similarly situated Plaintiff defined as all current and former employees of Defendants in the State of Illinois who had uniform deductions made from their pay. The relevant time period is for work performed within the ten years preceding this lawsuit to the day of trial;

B. A declaratory judgment that Defendants violated the IWPCA as to the Plaintiff and the Class;

C. A declaratory judgment that Defendant's violations of the IWPCA were willful;

D. A judgment to Plaintiff and the Class in the amount of unpaid wages;

E. A judgment to Plaintiff and the Class of punitive damages as provided by IWPCA.

## DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury on all questions of fact raised by this Complaint, including the FLSA claims.

Dated October 31, 2017                  Respectfully Submitted,

By: /s/ David Fish
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM
200 E 5th Ave Suite 123
Naperville, IL 60563